UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **Vera J. Katz,** <br> 9039 Sligo Creek Parkway, Unit 1416 <br> Silver Spring, MD 20901 <br><br> *Plaintiff,* <br><br> v. <br><br> **Tactile Group, Inc.** <br> 229 East 85th Street, Unit 185 <br> New York, NY 10028 <br><br> **Dr. Danielle Peake** <br> 860 Grand Concourse, Apt 3E <br> Bronx, New York 10451 <br><br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> / | **COMPLAINT** <br> **(case no.)** |

## COMPLAINT

Plaintiff, Vera J. Katz, by and through the undersigned counsel, Lita Rosario-Richardson, Esq., for her Complaint against Defendants Tactile Group, Inc. and Dr. Danielle Peake alleges as follows:

### THE PARTIES

1. Plaintiff Vera J. Katz ("Plaintiff") is a renowned acting and directing professor emerita and author of a memoir entitled "A Katz Walk" and is a citizen and resident of Silver Spring, Maryland.

2. Defendant Tactile Group, Inc. ("Defendant Tactile") is a New York company with a principle place of business in New York at 229 East 85th Street, Unit 185, New York, NY, 10028.

1

3. Defendant Dr. Danielle Peake ("Defendant Peake"), based upon information and belief, is the sole owner of Tactile, Inc. and a citizen and resident of Bronx, New York. Defendant Tactile and Defendant Peake are collectively referred to herein the ("Defendants").

## NATURE OF THE ACTION, JURISDICTION AND VENUE

4. Plaintiff brings this civil action seeking redress against Defendants Tactile and Peake for: (i) declaratory judgment pursuant to 28 U.S.C. § 2201-02 declaring Plaintiff is the sole owner of the copyright in "A Katz Walk", and (ii) copyright infringement pursuant to 17 U.S.C. §501;

5. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) as the claim arise under U.S. Copyright Act of 1976, 17 U.S.C. §501 and the Federal Declaratory Judgement Act, 28 U.S.C. § 2201-02;

6. This Court has personal jurisdiction over Defendant Tactile in that Defendant Tactile is a New York entity and does business in this District. This Court has personal jurisdiction over Defendant Peake in that Defendant Peake is a citizen of the State of New York residing in this District.

7. Venue is proper in the Southern District of New York as Defendant Tactile does business in this District and Defendant Peake is a citizen of the State of New York residing in this District.

## COMMON FACTUAL ALLEGATIONS

8. Plaintiff wrote a memoir of her teaching experiences as a professor of the arts, in acting and directing, of which she titled "A Katz Walk" (the "Memoir").

9. During Plaintiff's course of writing the Memoir, Defendant Peake, who was acting as Plaintiff's manager, assisted Plaintiff in editing and promoting the Memoir.

10. Plaintiff and Defendants did not enter into a written agreement regarding any services provided by Defendant Peake and/or Defendant Tactile for the Memoir.

11. Plaintiff filed a copyright registration for the Memoir and secured registration on July 5, 2022 registration number TXu002330205 ("Katz Registration").

12. Plaintiff is the sole author and copyright owner of the Memoir and the sole claimant listed on the Katz Registration.

13. Unbeknown to Plaintiff, Defendant Peake on behalf of Defendant Tactile filed a copyright registration listing Defendant Tactile as the copyright claimant of the Memoir and secured a copyright registration for the Memoir on July 8, 2022 registration number TX0009149157 ("Tactile Registration").

14. The Tactile Registration lists Plaintiff as the sole author and provides that Defendant Tactile is a copyright claimant pursuant to an alleged transfer by "written agreement."

15. Plaintiff and Defendant Tactile nor Defendant Peake have not entered into any written agreement that transferred any copyright ownership to Defendant Tactile nor to Defendant Peake.

16. Plaintiff and Defendant Tactile have not entered into any written agreement that granted any rights whatsoever to Defendant Tactile nor to Defendant Peake to be a publisher of the Memoir.

17. By letter dated September 20, 2022, Plaintiff advised Defendants that any oral or implied agreement between Plaintiff and Defendants regarding the Memoir was revoked and Defendants have no right to exploit the Memoir or to act as Plaintiff's manager.

18. Plaintiff secured a supplemental copyright registration on October 17, 2022 registration no. TXu002342404 ("Katz Supplement Registration") to add her middle initial to the registration.

19. Plaintiff is the sole author and copyright claimant listed on Katz Supplemental Registration.

## COUNT I
## DECLARATORY RELIEF
## DECLARING PLAINTIFF IS THE SOLE OWNER
## OF THE COPYRIGHT IN THE MEMOIR

20. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19.

21. Plaintiff is the sole author and owner of any and all rights in the Memoir.

22. Plaintiff secured a valid copyright registration in the Memoir.

23. Defendants Peake and Tactile have no copyright interest in the Memoir as a publisher or otherwise.

24. Plaintiff withdrew any oral or implied agreement for Defendants to act on Plaintiff's behalf regarding the Memoir or otherwise.

25. There is currently a dispute as to ownership of the copyright in the Memoir due to the conflicting copyright registrations.

26. Defendant Tactile secured the Tactile Registration without Plaintiff's permission or authority.

27. There is currently a dispute as to whether Defendants have a publishing interest in the Memoir.

28. Defendant Tactile and Plaintiff have no written agreement that transfers ownership of the Memoir to Defendant Tactile nor Defendant Peake or authorizes Defendants to act as publisher.

29. There is currently a dispute as to whether Defendants have a publishing interest in the Memoir due to the erroneous copyright registration filed by Defendants claiming a written agreement to act as publisher.

## COUNT II
## COPYRIGHT INFRINGEMENT

30. Plaintiff incorporates by reference the allegations in paragraphs 1 through 29.

31. Defendants willfully infringed Plaintiff's copyright through the act of filing a copyright application and obtaining the Tactile Registration and claiming a publishing interest in the Memoir.

32. Based upon information and belief, Defendants actions include reproducing copies of the Memoir without Plaintiff's consent.

33. At all times relevant hereto, Plaintiff has been the sole author and sole owner of the Memoir.

34. The acts of Defendants constitute infringement of Plaintiff's exclusive rights in the Memoir including violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

35. Upon information and belief the forgoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregards of and indifference to Plaintiff's rights.

36. As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under 17 U.S.C. § 504(b), Plaintiff is entitled to damages and Defendants' profits.

37. Alternatively, pursuant to 17 U.S.C. § 504 (c) Plaintiff is entitled to statutory damage and/or attorney's fees

38.     Plaintiff is further entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**WHEREFORE**, Plaintiff requests this Court to:

a. For a declaration that Plaintiff is the sole owner of the copyright in the Memoir;

b. For a declaration that no written contract exists between Plaintiff and Defendants to publish the Memoir;

c. For a declaration that no publisher relationship exists between Plaintiff and the Defendants;

d. For an award of damages for Defendants' copyright infringement as determined at trial, or in the alternative, at Plaintiff's election, statutory damages for infringement as set forth in 17 U.S.C. § 504;

e. For an award of costs under 17 U.S.C. § 505 or as otherwise provided by law;

f. For an award of attorney's fees pursuant to 17 U.S.C. § 505;

g. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

h. Award such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues triable by jury.

Date: March 19, 2024

Respectfully submitted,
SHULMAN ROGERS, P.A.

/s/ *Lita Rosario-Richardson*

Lita Rosario-Richardson, Esq.
12505 Park Potomac Ave., 6th Floor
Potomac, MD 20854
301-231-0931
lrosario-richardson@shulmanrogers.com