**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
VERA J. KATZ,

                              Plaintiff,                  **24-CV-02047 (JGK) (VF)**

            -against-                          **ORDER**

TACTILE GROUP, INC. et al.,

                           Defendants.
-----------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge:**

On December 3, 2025, Plaintiff filed a letter motion, seeking to stay discovery, or in the alternative, to quash third-party subpoenas issued by Defendants. ECF No. 91 at 1-2. The same day, Defendants filed an opposition. ECF No. 92. For the reasons discussed below, Plaintiff's motion is **DENIED**.

Plaintiff contends that a stay is warranted, in part, because there is a pending motion to dismiss Defendants' counterclaims. ECF No. 91 at 2. But the filing of a motion to dismiss "does not automatically stay discovery, and discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." Medina v. City of New York, No. 19-CV-9412 (AJN), 2020 WL 3050971, at *2 (S.D.N.Y. June 8, 2020) (internal quotation marks and citation omitted). "If a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." CT Espresso LLC v. Lavazza Premium Coffees Corp., No. 22-CV-377 (VSB), 2022 WL 1639485, at *1 (S.D.N.Y. May 24, 2022) (internal quotation marks and citation omitted). As it concerns the first factor, "courts tend to consider whether the

resolution of the pending motion to dismiss may dispose of the entire action." Id. at *2

(internal quotation marks, alterations, and citation omitted). Courts may also consider the

"the type of motion[] and the posture or stage of the litigation" when determining whether a

stay is appropriate. Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc., No. 08-CV-

2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008). "The party seeking a stay

bears the burden of demonstrating good cause." Gastineau v. ESPN Inc., No. 25-CV-2041

(PAE), 2025 WL 2733155, at *1 (S.D.N.Y. Sept. 24, 2025) (citation omitted).

Plaintiff has not met her burden here. Apart from the pending motion to dismiss,

Plaintiff points to her age and "judicial economy" as a basis for a stay. None of these factors

supports a stay. The pending motion to dismiss concerns only the counterclaims asserted by

Defendants, and therefore Plaintiff's claims will remain in the case even if her motion is

successful. Because the pending motion will not dispose of the entire action, the parties will

need to engage in discovery regardless. See CT Espresso LLC, 2022 WL 1639485, at *2

(denying motion to stay where there is "no pending motion that potentially disposes of this

entire action"); Cooper v. Off. of Comm'r of Baseball, No. 24-CV-3118 (VSB), 2025 WL

419335, at *2 (S.D.N.Y. Jan. 9, 2025) (denying motion to stay where a motion to dismiss

would still leave claims outstanding). For the same reason, judicial economy does not favor

a stay, because the case will need to move forward regardless of the outcome of the motion

to dismiss. Additionally, this case has been pending since March 2024, which further

counsels in favor of moving it towards a resolution. Finally, apart from indicating her age,

Plaintiff does not explain why her age weighs in favor of staying discovery.

As an alternative, Plaintiff requests that the Court quash the Rule 45 subpoenas

served by Defendants on various non-parties because Defendants purportedly failed to

comply with their notice obligation in Federal Rule of Civil Procedure 45(a)(4). ECF No. 91 at 2. But as Defendants point out, it appears that Plaintiff was notified of most of the subpoenas before they were served on the third parties. ECF No. 92 at 1-2. Regardless, even if service of the subpoenas had been effectuated without notice to Plaintiff, Plaintiff must still demonstrate that she was prejudiced by the lack of notice. See, e.g., Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP, No. 03-CV-5560 (RMB) (HBP), 2008 WL 4452134, at *3 (S.D.N.Y. Oct. 2, 2008) (explaining that majority of courts require "the aggrieved party demonstrate some form of prejudice resulting from the failure to provide advance notice"). And there is no indication that any documents have been produced in response to the subpoenas and no depositions have occurred. See, e.g., Malinowski v. Wall St. Source, Inc., No. 09-CV-9592 (JGK) (JLC), 2010 WL 4967474, at *2 (S.D.N.Y. Nov. 23, 2010) (finding no prejudice where third-party "has not produced any documents, nor has his deposition taken place").

The parties are hereby directed to meet and confer concerning the dates in the subpoenas for deposition testimony to ensure that counsel for Plaintiff is able to attend the depositions. Additionally, the parties are directed to meet and confer and file a revised case management plan by **December 22, 2025**.

The Clerk of the Court is respectfully directed to close the motion at ECF No. 91.

**SO ORDERED.**

DATED:    New York, New York
            December 8, 2025

VALERIE FIGUEREDO
United States Magistrate Judge