**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: May 4, 2026**

The deadline for fact discovery was April 30, 2026, and Plaintiff did not seek an extension of that deadline in order to produce documents responsive to Defendants' document requests. Neither the lack of a protective order nor issues with the document management system excused the obligation to seek an extension if the deadline could not be met. Plaintiff is hereby directed to produce the documents by **May 15, 2026**. The parties are directed to meet and confer and submit a proposed protective order by **May 8, 2026**. Given the timing of this document production, unless the parties agree otherwise, depositions cannot be scheduled prior to **June 19, 2026**. The Clerk of Court is respectfully directed to close the motion at ECF No. 101.

**VIA ECF**
Honorable Judge Valerie Figueredo
United States District Court for the Southern District of New York
5000 Pearl Street
New York, New York 10007

Re:     *Katz v. Tactile Group, Inc. et al.*, No. 1:24-cv-02047-JGK-VF

Dear Judge Figueredo:

We write on behalf of Defendants / Counterclaim Plaintiffs Dr. Danielle Peake and Tactile Group (collectively, "Defendants") concerning Plaintiff's failure to comply with the Court's discovery deadline and the issues that have arisen in its aftermath.

Pursuant to the Court's Scheduling Order, the parties' responses and document productions were due on April 30, 2026. Defendants timely served their responses, objections, and document production on that date. However, at 6:08 p.m. on the evening of the deadline, Plaintiff's counsel advised for the first time that Plaintiff would not be producing documents, citing (i) the absence of an agreed-upon protective order and (ii) internal issues with counsel's document management system.

Neither justification warrants non-compliance with a court-ordered deadline. First, while Defendants are not opposed in principle to a reasonable protective order, Plaintiff did not raise this issue until after the close of business on the very day production was due. At no point prior to the

deadline did Plaintiff seek to negotiate or submit a proposed protective order to the Court. Courts in this District routinely expect parties to proceed with production subject to later designation or to timely raise confidentiality concerns in advance of deadlines, not to use them as a basis to unilaterally delay compliance – let alone in absence of an agreement with the opposing party.

Second, Plaintiff's representation that its document management system has prevented production likewise does not excuse its failure to comply. Technical or logistical issues do not relieve a party of its discovery obligations, particularly where, as here, Plaintiff asserts that the documents are otherwise ready for production. There has been no production to date. Plaintiff could have stated their objections and made a more limited production subject to a supplemental production.

Plaintiff has since indicated that she intends to produce approximately 15,000 pages of documents by May 4, 2026, and has requested Defendants' comments on a proposed protective order before submitting it to the Court. Plaintiff has also begun pressing to schedule depositions before May 20, 2026 before even producing Plaintiff's documentation. This sequence of events places Defendants at a clear disadvantage. We submit that, especially in light of the fact that Plaintiff will produce 15,000 pages, Plaintiff should have adequate time to review the production and prepare for any deposition. In fact, without the benefit of Plaintiff's document production, Defendants cannot meaningfully prepare for depositions, including those Plaintiff unilaterally seeks to expedite. Plaintiff should not be permitted to delay its own production while simultaneously accelerating the deposition schedule.

Accordingly, Defendants respectfully request that the Court:

1.      Direct Plaintiff to produce all responsive documents immediately, without further delay, subject to an appropriate confidentiality designation if necessary;

2.      Establish that Plaintiff has waived her objections, given that she has failed to propound them within the timeframe ordered by the court and in absence of any agreement with the undersigned counsel.

3.      Set a firm deadline for the parties to confer and submit a proposed protective order (or competing proposals, if necessary) within a defined and prompt timeframe; and

4.      Adjust the deposition schedule, if needed, to ensure that Defendants are not prejudiced by Plaintiff's delayed and substantial production, including by requiring that depositions proceed only after a reasonable period following Plaintiff's full document production.

Defendants remain willing to meet and confer in good faith regarding the terms of a protective order and logistics for production. However, Plaintiff's last-minute invocation of these issues should not be permitted to override the Court's Scheduling Order or prejudice Defendants' ability to litigate this matter fairly.

We thank the Court for its attention to this matter.

Respectfully submitted,

_Imran H. Ansari_
Imran H. Ansari

_Giovanni Orlando Conti_
Giovanni Orlando Conti

3